UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SANDRA D. EHLY, | ) | CIV. 06-5097-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| JOHNSON BROTHERS LIQUOR COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Sandra D. Ehly, and defendant, Johnson Brothers Liquor Company, Inc. (Johnson Brothers), cross-move for summary judgement in relation to diversity jurisdiction. Johnson Brothers also moves to dismiss the case based upon the failure to join an indispensable party.

**FACTUAL BACKGROUND**

On November 28, 2006, Ehly filed this lawsuit in the United States District Court for the District of South Dakota, alleging that Johnson Brothers was negligent. More specifically, Ehly alleges that because Johnson Brothers' employees negligently operated and parked a truck on December 7, 2005, she fell and was injured. Docket 1. Johnson Brothers denies any negligent actions. Docket 6.

**DISCUSSION**

Johnson Brothers argues that it is not the correct party to this lawsuit. Johnson Brothers urges that Johnson Brothers Famous Brands, Inc. (Famous Brands), a wholly owned subsidiary of Johnson Brothers, is a necessary defendant in this case because it owned the truck involved in the December 7, 2005, incident and employed the drivers of the truck. Johnson Brothers alleges that if Famous Brands, a South Dakota corporation, is joined as a defendant in this case, there is no diversity jurisdiction because Ehly is also a resident of South Dakota. Ehly responds that Johnson Brothers has made admissions and representations throughout the lawsuit that indicate that it is the proper defendant. Ehly contends that as a result, the requirements for diversity citizenship are met because Ehly is a citizen of South Dakota, Johnson Brothers is incorporated in Minnesota and has its principal place of business in Minnesota, and the amount in controversy exceeds $75,000.

**I.  Johnson Brothers' Admissions**

The Eighth Circuit has determined that "factual statements in a party's pleadings are generally binding on that party unless the pleading is amended." National Surety Corp. v. Ranger Ins. Co., 260 F.3d 881, 886 (8th Cir. 2001). Indeed, "a party is bound by what it states in its pleadings." Knudsen v. United States, 254 F.3d 747, 752 (8th Cir. 2001). "Although the

rule smacks of legalism, judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." Id.

Here, in her complaint, Ehly specifically alleged that "[o]n or about December 7, 2005, Johnson Brothers delivered goods by truck to a Safeway store in Spearfish, South Dakota, where [she] worked."[1] Docket 1 at ¶ 7. In its answer, Johnson Brothers admitted this allegation. Docket 6 at ¶ 4. Therefore, Johnson Brothers conceded that on December 7, 2005, it, not Famous Brands, delivered goods by truck to the Spearfish Safeway store where Ehly worked. Further, Johnson Brothers never moved to amend its answer to deny that it delivered the goods or that Famous Brands was the entity that delivered the goods by truck. Accordingly, pursuant to Eighth Circuit precedent, Johnson Brothers is bound by its admissions and as a result is the proper defendant. Because Ehly is a resident of South Dakota, Johnson Brothers is incorporated and has its principal place of business in Minnesota, and the amount in controversy exceeds $75,000, the court has diversity jurisdiction.

---

[1] In her complaint, Ehly identified Johnson Brothers Liquor Company, Inc. as the defendant and indicated that she would refer to it as Johnson Brothers throughout the complaint. See Docket 1 at ¶ 2.

3

## II. Johnson Brothers' Other Representations

Johnson Brothers has also filed other documents representing that it is the proper defendant. Almost one year after Ehly filed her complaint, Johnson Brothers moved for summary judgment, arguing that it did not owe Ehly a duty and even if it did owe Ehly a duty, no reasonable person could find that there had been a breach of that duty. See Docket 33. Along with its motion for summary judgment, Johnson Brothers filed a statement of material facts as to which there is no genuine issue to be tried. Docket 35. In this statement of facts, Johnson Brothers stated that its truck drivers delivered liquor to the Spearfish Safeway store on December 7, 2005, and that it owned the truck used to deliver the liquor. Id. at ¶¶ 4, 21. Additionally, in its memoranda in support of its motion for summary judgment, Johnson Brothers repeatedly referred to its truck and its employees in relation to the December 7, 2005, incident. See Docket 34. As such, Johnson Brothers' representations to Ehly and the court throughout this case have indicated that it is the proper defendant. Significantly, this case has been pending for approximately two and a half years and Johnson Brothers did not raise the issue as to whether it was the proper defendant until less than one month before trial. Accordingly, due to Johnson Brothers' admissions and representations, the court finds that it is the

proper defendant in this case and that therefore all requirements for diversity jurisdiction are satisfied.

Based on the foregoing, it is hereby

ORDERED that plaintiff's motion for summary judgment (Docket 92) is granted.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket 98) is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Docket 95) is denied.

Dated April 29, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE