UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SANDRA D. EHLY, | ) | CIV. 06-5097-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHNSON BROTHERS LIQUOR COMPANY, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Johnson Brothers Liquor Company, Inc. (Johnson Brothers), moves in limine for an order prohibiting the experts of plaintiff, Sandra Ehly, from offering any opinions outside of those disclosed in expert reports. Ehly opposes the motion. The motion is denied.

**FACTUAL BACKGROUND**

On April 30, 2007, Ehly identified Anne Stodola as one of her experts and disclosed Stodola's report. Stodola's report indicated that she had reviewed Ehly's handwritten statement regarding the incident; an email from Jay Crotty to Laura Vockel concerning the incident; Johnson Brothers' summary of the incident; depositions of Craig Heisler, Don Mulvehill, Arvid Brown, Tom Little, Joe Magbuhat, Pat Hirschberg, Lisa Swanson, Mike Flannagan, Niki Hollingsworth, and Richard Burke; the Standard Vehicle Information sheet provided by Johnson Brothers; photographs of the subject area, ramps, and pallet jack; defendant's answer to plaintiff's first

interrogatories; and the Standard Vehicle Information sheet. Docket 174-2 at 1-4.

Stodola opined that the reason the truck moved forward appeared "to be brake failure." Id. at 5. Stodola also noted that Johnson Brothers recognized the safety provided by wheel chocks at its own loading docks and that the practice should have been extended to their customers' loading docks. Stodola indicated that "had [chocks] been placed in front of the front tires, the truck would not have been able to move forward and the dock plate would not have fallen." Id. Stodola indicated that if additional information became available, her opinions and conclusions may be modified. Id.

On June 6, 2007, Johnson Brothers deposed Stodola, and she testified that she had not done a search for professional literature on chocks. Further, she brought no information or literature concerning the use of wheel chocks to her deposition. See Docket 174-4. But on April 8, 2009, Ehly provided Johnson Brothers with literature regarding wheel chocks that Stodola intends to rely upon when testifying at trial.

## DISCUSSION

Johnson Brothers argues that this literature should be excluded. Johnson Brothers urges that this material is not supplemental because Stodola identified no data or literature concerning the chocking of wheels,

either in her report or in her deposition testimony. Johnson Brothers contends that this is completely new literature provided in an attempt to bolster credibility of a mere opinion. Ehly responds that there is no rule that states that after an expert testifies at a deposition, a party may not use any exhibits in support of the expert's opinion unless the expert had the exhibits when she gave her deposition. Ehly argues that the material is not supplemental because Stodola has not changed her opinions. Ehly contends that she timely disclosed the literature because she disclosed it before the deadline for identification of exhibits.

    Federal Rule of Civil Procedure 26(a)(2)(B) states that an expert report must contain the following specified sections: (1) a complete statement of all opinions to be expressed; (2) the basis of the reasons for the opinions expressed; (3) the data or other information considered by the expert in forming the opinions; (4) any exhibits to be used as a summary of or support for the opinions; (5) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (6) the compensation to be paid for the study and testimony; and (7) a listing of any other cases in which the witness had testified as an expert at trial or by deposition within the preceding four years. Additionally, Federal Rule of Civil Procedure 26(e) obligates parties to supplement previously disclosed reports "if the party learns that in some material respect the

disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." "The duty to supplement expert testimony extends to any changes or additions to the information provided in a deposition." <u>Tenbarge v. Ames Taping Tool Sys., Inc.</u>, 190 F.3d 862, 865 (8th Cir. 1999). As such, the purpose of a supplemental report is to "inform the opposing party of any changes or alterations." <u>Id.</u>

**I.   Supplement**

The Federal Rules of Civil Procedure do not define what constitutes a supplemental expert report. But by its nature, a supplemental expert report necessarily contains information that was not expressed in the original report or there would be no need to supplement. It follows that documents that the expert will rely upon in trial that were not disclosed to the opposing party in the expert's initial report are supplements to the expert's original report.

Here, Ehly is not attempting to introduce new expert opinions, but rather is identifying four additional documents that Stodola relied upon to reach her opinion in this case. The court finds that such a submission is a supplement to the expert's report. The expert's original report is required to disclose any exhibits the expert will use as a summary of or support for her opinions and therefore if the expert needs to add any additional exhibits to

4

this initial disclosure, she is supplementing her original report. As such, the court finds that Ehly's disclosure of four additional exhibits to be relied upon by Stodola is actually a supplement to her expert report. In this case, the deadline for disclosure of supplemental expert reports was 20 days before trial, which was April 20, 2009. Docket 9 at 2. Ehly faxed these documents to Johnson Brothers on April 8, 2009, which was well before the deadline. See Docket 182, Exhibit 1. Accordingly, Ehly is allowed to seek admission of these exhibits during trial.

**II.   Untimely Disclosure**

Even if these exhibits are not supplemental to the expert's initial report, Ehly is still allowed to seek admission of these exhibits during trial. Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Significantly, "[w]hen a party fails to provide information . . . in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). "The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." Id. "When

5

fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." Id.

Here, Stodola's initial report was adequate. Her report informed opposing counsel as to the substance of her testimony at trial. But it did not disclose the four pieces of literature she now intends to rely upon at trial. Nevertheless, the court finds that such exhibits are admissible. The admission of these exhibits is harmless to Johnson Brothers. Stodola's initial report indicated her opinions and those have not changed. She merely intends to rely on four additional documents to articulate her opinion at trial.

Moreover, even if the court were to fashion a remedy for Ehly's failure to comply with Rule 26, the court finds that no adverse sanctions should be imposed. In fact, the court finds that no remedy is needed or appropriate in this case. First, Stodola did not comply with Rule 26 initially because at the time she submitted her initial report, she had not reviewed literature in relation to chocking wheels. She had relied upon her own education and experience to form her opinions. Second, allowing the exhibits to be admitted into evidence will not surprise or prejudice Johnson Brothers

because Stodola did not change her opinion, she just added new documents to the material she intends to rely upon during trial. Third, allowing the four exhibits will not disrupt the order and efficiency of trial. And finally, the exhibits are important to Stodola's testimony in relation to the cause of the incident. Therefore, Ehly is allowed to seek admission of the four exhibits.

Based on the foregoing, it is hereby

ORDERED that defendant's motion in limine regarding experts (Docket 109) is denied.

Dated May 11, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE